Ariel Pierre Calonne, City Attorney (SBN 110268)
Tom R. Shapiro, Assistant City Attorney (SBN 127383)
Michelle Sosa-Acosta, Deputy City Attorney (SBN 330776)
740 State Street, Suite 201
Post Office Box 1990
Santa Barbara, California  93102-1990
Telephone:  (805) 564-5326
Fax:  (805) 564-5426
Email:  tshapiro@santabarbaraca.gov
        msosa-acosta@santabarbaraca.gov

Attorneys for Defendants City of Santa Barbara,
City Council of the City of Santa Barbara, and
Ariel Calonne

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SANTA BARBARA APARTMENT ASSOCIATION, INC. dba SANTA BARBARA RENTAL PROPERTY ASSOCIATION and NOGORA, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SANTA BARBARA; CITY COUNCIL of the CITY OF SANTA BARBARA; ARIEL CALONNE, in his official capacity as CITY ATTORNEY for the CITY OF SANTA BARBARA; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 2:22-cv-01315-GW-MAAx <br><br> **CITY OF SANTA BARBARA DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** <br><br> (Fed. R. Civ. P. 12(b)(6)) <br><br> Date:   June 6, 2022 <br> Time:   8:30 a.m. <br> Place:  Courtroom  9D__ <br> Judge:  Hon. George Wu <br><br> Complaint Filed:  3/01/2022 |

Defendants City of Santa Barbara, City Council of the City of Santa Barbara, and Ariel Calonne, in his official capacity as City Attorney for the City of Santa Barbara, (collectively "City Defendants") submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss.

Office of the City Attorney<br>City of Santa Barbara<br>740 State Street, Suite 201 P.O. Box 1990<br>Santa Barbara, California 93102-1990

1

# TABLE OF CONTENTS

**Page**

Table of Authorities.................................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES ........................................6

I.     INTRODUCTION .............................................................................6

II.    FACTUAL BACKGROUND .............................................................7

     A.    The City's Relocation Assistance Ordinance .........................7

     B.    Plaintiffs' Business in the Rental-Housing Industry...............9

     C.    Plaintiff Nogora, LLC's Eviction Proceedings.....................9

     D.    Plaintiffs' Allegations .........................................................10

III.   LEGAL STANDARD ......................................................................11

IV.   ARGUMENT ..................................................................................11

     A.    Plaintiffs Fail to Allege a Viable Contract Clause Claim Because There Is No Substantial Impairment and the Relocation Assistance Ordinance Is Reasonable and Appropriate While Advancing a Significant and Legitimate Public Purpose ..................11

     B.    Plaintiffs Do Not Allege a Viable Takings Claim .............14

         1.    No Physical Taking Has Occurred .........................14

         2.    No Regulatory Taking Has Occurred ......................16

     C.    Plaintiffs' Unconstitutional Conditions Doctrine Cause of Action Necessarily Fails Because No Taking Has Occurred .......................17

     D.    Plaintiffs Fail to Allege a Viable Unlawful Seizure Claim Because There Has Been No Seizure of Plaintiffs' Property...........................19

     E.    Plaintiffs' Request for a Writ of Mandamus Is Improper Because It Is a Procedural Mechanism Reserved for State Courts ..................21

V.    CONCLUSION ..............................................................................22

**Office of the City Attorney**
**City of Santa Barbara**
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

# TABLE OF AUTHORITIES

### *Federal Cases*

**Page**

*American Mfrs. Mut. Ins. Co. v. Sullivan*
  526 U.S. 40 (1999) ...................................................................20

*Ballinger v. City of Oakland* (*Ballinger I*)
  398 F.Supp.3d 560 (N.D. Cal. 2019) .......................................12-13

*Ballinger v. City of Oakland* (*Ballinger II*)
  24 F.4th 1287 (9th Cir. 2022), *petition for cert. docketed*, No. 19-16550
  (filed Feb. 28, 2022) ........................................ 6, 13, 15, 18-19, 20

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ...................................................................11

*Better Housing for Long Beach v. Newsom*
  452 F.Supp.3d 921 (C.D. Cal. 2020), *appeal docketed*, No. 20-55373
  (filed Mar. 11, 2020) ..................................................................15

*Block v. Hirsh*
  256 U.S. 135 (1921) ...................................................................16

*Blum v. Yaretsky*
  457 U.S. 991 (1982) ...................................................................19

*Campanelli v. Allstate Life Ins. Co.*
  322 F.3d 1086 (9th Cir. 2003) ...................................................12

*Cedar Point Nursery v. Hassid*
  141 S. Ct. 2063 (2021) .........................................................14, 18

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*
  526 U.S. 687 (1999) ...................................................................18

*Colony Cove Props., LLC v. City of Carson*
  888 F.3d 445 (9th Cir. 2018).....................................................16

*Dolan v. City of Tigard*
  512 U.S. 374 (1994) .............................................................15, 18

*Energy Reserves Grp., Inc. v. Kansas Power & Light Co.*
  459 U.S. 400 (1983) .......................................................12, 13, 14

*FCC v. Fla. Power Corp.*
  480 U.S. 245 (1987) ...................................................................15

*Hill v. County of Sacramento*
  466 Fed. Appx. 577 (9th Cir. 2012) ..........................................21

*Iqbal v. Ashcroft*
  556 U.S. 662 (2009) ...................................................................11

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

**Office of the City Attorney**
**City of Santa Barbara**
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

**Page**

*Koontz v. St. Johns River Water Management Dist.*
570 U.S. 595 (2013) ............................................................................. 15, 18

*Loretto v. Teleprompter Manhattan CATV Corp.*
458 U.S. 419 (1982) ..................................................................................... 14

*Lugar v. Edmondson Oil Co.*
457 U.S. 922 (1982) ..................................................................................... 20

*McCarthy v. City of Cleveland*
626 F.3d 280 (6th Cir. 2010) ...................................................................... 15

*MHC Fin. Ltd. P'ship v. City of San Rafael*
714 F.3d 1118 (9th Cir. 2013) .................................................................... 16

*Mory v. City of Chula Vista*
No. 10-cv-252 JLS WVG, 2011 WL 777914 (S.D. Cal. Mar. 1, 2011) ....... 21

*Murr v. Wisconsin*
137 S.Ct. 1933 (2017) ................................................................................. 14

*Nollan v. Cal. Coastal Comm'n*
483 U.S. 825 (1987) .............................................................................. 15, 18

*Pacific Bell Tel. Co. v. City of Walnut Creek*
428 F. Supp. 2d 1037 (N.D. Cal. 2006) ..................................................... 21

*Penn Central Transp. Co. v. City of New York*
438 U.S. 104 (1978) ............................................................................7, 16-17

*Pennell v. City of San Jose*
485 U.S. 1 (1988) ........................................................................................ 16

*San Francisco Apartment Ass'n v. City & Cty. of San Francisco*
142 F. Supp. 3d 910 (N.D. Cal. 2015) ........................................................ 21

*Southern Cal. Gas Co. v. City of Santa Ana*
336 F.3d 885 (9th Cir. 2013) ...................................................................... 12

*Sveen v. Melin*
138 S. Ct. 1815 (2018) ................................................................................ 12

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*
535 U.S. 302 (2002) .............................................................................. 14, 16

*Theis v. Yuba Cnty. Sheriff's Dep't*
No. 2:18-cv-03278-KJM-KJN, 2019 WL 3006261 (E.D. Cal.
July 10, 2019) ............................................................................................. 21

*United States v. Jacobsen*
466 U.S. 109 (1984) .................................................................................... 19

**Page**

*Veix v. Sixth Ward Bldg. & Loan Ass'n of Newark*
  310 U.S. 32 (1940) ........................................................................... 13

*Yee v. City of Escondido*
  503 U.S. 519 (1992) ................................................................... 15, 16

## *Constitutions*

U.S. Const., amend. IV ...................................................................... 19

U.S. Const., amend. V ....................................................................... 14

## *Federal Statutes*

42 U.S.C. § 1983 ................................................................................ 19

Fed. R. Civ. P. 12(b)(6) ..................................................................... 11

## *State Statutes*

Cal. Civ. Code § 1946.2 (Tenant Protection Act of 2019).................. 7, 13

Cal. Code Civ. Proc. § 1085 .............................................................. 21

## *Local Ordinances, Codes and Charters*

Santa Barbara Muni. Code
  Chapter 26.50 ................................................................................. 7
  § 26.50.010 A. ................................................................................ 8
  § 26.50.020 A. ................................................................................ 9
  § 26.50.040 B. ................................................................................ 9
  § 26.50.070 B.2. ............................................................................. 8
  § 26.50.070 D. ................................................................................ 8
  § 26.50.070 G. ................................................................................ 8

Santa Barbara Ordinance No. 5979 ..........................................*passim*

Santa Barbara Resolution 20-084........................................................ 9

**Office of the City Attorney**
**City of Santa Barbara**
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The City of Santa Barbara is facing an unprecedented housing crisis and historic inflation.  As a necessary measure, the City created several procedural safeguards to protect the rights of tenants.  The City has recognized that safe, decent, and sanitary housing is a human necessity and right.  One of the City's crucial measures is Ordinance No. 5979, which created several just cause protections for residential evictions.  Within Ordinance 5979, a tenant relocation assistance payment is required when evicting a tenant who has resided in a unit for at least one year and the eviction is not the tenant's fault.  The City Council later set the amount to be paid as three months' rent as of the date of the tenancy termination notice, thus creating the Relocation Assistance Ordinance Plaintiffs now challenge. The City is part of a growing movement across California where cities have created similar relocation assistance laws in an effort to address tenant displacement, high relocation costs, rising rents, and homelessness.  The majority of courts have upheld the relocation assistance laws in light of various constitutional challenges.

The Ninth Circuit has recently determined that a city's tenant relocation assistance law is constitutional because it is a proper regulation of the landlord-tenant relationship for an appropriate public purpose.  *Ballinger v. City of Oakland*, 24 F.4th 1287 (9th Cir. 2022), *petition for cert. docketed*, No. 19-16550 (filed Feb. 28, 2022).  Even though the City of Santa Barbara's Relocation Assistance Ordinance is essential and well-supported by recent case law, Plaintiffs bring this action claiming the Relocation Assistance Ordinance violates the Constitution. Plaintiffs' myriad allegations include violations of the Contract Clause, Takings Clause, Unconstitutional Conditions Doctrine, and Fourth Amendment protection against unlawful seizures.  In an effort to thwart legislative judgment, Plaintiffs seek a writ of mandamus from the federal court to strike down the City's Relocation Assistance Ordinance.

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

As pled, the Complaint lacks merit and sufficient facts to state a claim upon which the Court may grant relief.  Plaintiffs' Contract Clause claim fails because they have not alleged a substantial impairment as the Relocation Assistance Ordinance is supported by significant public purpose in a highly regulated field. Although Plaintiffs allege both a physical and regulatory taking, neither claim can survive.  The Complaint is devoid of any facts showing that the City has either physically taken Plaintiffs' property or that there was a physical appropriation of Plaintiffs' property.  The Complaint also fails to meet the determinative *Penn Central* factors; no significant financial impact has been pled, no reasonable property owner would find that the Relocation Assistance Ordinance interfered with their investment in a highly regulated field, and no impairment on the ownership or market value of the property has been alleged.  Where there is no taking, no unconstitutional conditions claim can remain.  Further, the Complaint has failed to offer sufficient facts establishing a plausible claim for how the City has seized either Plaintiffs' money or real property.  Lastly, the writ of mandamus is not a substantive claim, but rather a procedural mechanism that the majority of courts have reserved for state court proceedings.

As described further below, the City's motion to dismiss should be granted and the Complaint dismissed.

## II.     FACTUAL BACKGROUND

### A.     The City's Relocation Assistance Ordinance

On December 8, 2020, the Santa Barbara City Council enacted Ordinance No. 5979, which amended the Santa Barbara Municipal Code ("SBMC") to add Chapter 26.50 related to just cause for residential evictions.  (Complaint [Dkt. 1], ¶ 15; Ordinance 5979, attached as Exhibit A to City's Request for Judicial Notice ["RJN"].)  The Ordinance became effective on January 8, 2021.  (Complaint, ¶ 15.)[1]

---

[1] The Ordinance was authorized by California's Tenant Protection Act of 2019, AB 1482, as expressed in California Civil Code Section 1946.2.

1  The Ordinance states that an owner of a rental unit may not terminate the

2  tenancy of a qualified tenant without just cause stated in full in the termination

3  notice.  (Santa Barbara Municipal Code ["SBMC"] § 26.50.010 A. [RJN, Exh. A, p.

4  2; Exh. C, p. 1].)  For purposes of the Ordinance, a "qualified tenant" means a

5  tenant who has continuously and lawfully occupied a rental unit for 12 months.

6  (Complaint, ¶ 16; SBMC § 26.50.070 D [RJN, Exh. A, p. 6; Exh. C, p. 4].)

7  The Ordinance defines a no-fault just cause eviction as any of the following:

8  "a.   Intent to occupy the rental unit by the owner or their spouse,

9  domestic partner, children, grandchildren, parents, or grandparents if a

10  provision of the lease allows the owner to terminate the lease when the

11  owner, or their spouse, domestic partner, children, grandchildren,

12  parents, or grandparents, unilaterally decides to occupy the rental unit.

13  b.   Withdrawal of the rental unit from the rental market.

14  c.   The owner complying with any of the following:

15  i.   An order issued by a government agency or court relating to

16  habitability that necessitates vacating the rental unit.

17  ii.   An order issued by a government agency or court to vacate

18  the rental unit.

19  iii.   A local ordinance that necessitates vacating the rental unit.

20  d.   Intent to totally demolish or to substantially remodel the rental

21  unit."

22  (Complaint, ¶ 18; SBMC § 26.50.070 B.2. [RJN, Exh. A, pp. 5-6; Exh. C, p. 4].)

23  The Ordinance defines "substantially remodel" as a replacement or substantial

24  modification, such that the tenant is required to vacate the rental unit for at least 30

25  days.  (SBMC § 26.50.070 G. [RJN, Exh. A, p. 6; Exh. C, p. 4].)  Substantial

26  remodeling does not include cosmetic improvements, minor repairs, routine

27  maintenance, or other work that can be performed safely without having the rental

28  unit vacated.  (SBMC § 26.50.070 G. [RJN, Ex. A, p. 6; Exh. C, p. 4].)

**Office of the City Attorney**
**City of Santa Barbara**
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

In addition to the termination notice, a property owner must also provide a supplemental notice informing each qualified tenant of their right to and the amount of a relocation assistance payments as required by Chapter 26.50 (SBMC §26.50.040 B. [RJN, Exh. A, p. 4; Exh. C, p. 2].)  The Ordinance requires that "[t]he owner of a rental unit who issues a termination notice based upon no-fault just cause shall make a relocation assistance payment to each qualified tenant in an amount established by resolution of the City Council, or one month's rent plus one dollar, whichever is greater."  (Complaint, ¶ 16; SBMC § 26.50.020 A. [RJN, Exh. A, p. 2; Exh. C, p. 1].)

On December 8, 2020, the Santa Barbara City Council adopted Resolution No. 20-084, which set the Ordinance's relocation payment amount to three months of the rent that is in effect when an owner issues a notice to terminate a tenancy. (Complaint, ¶ 19; Resolution No. 20-084, attached as Exhibit B to City's RJN, p. 1.)  The Ordinance and Resolution created the Relocation Assistance Ordinance Plaintiffs now challenge.

### B.      Plaintiffs' Business in the Rental-Housing Industry

Two Plaintiffs bring suit against the City Defendants.  Plaintiff Santa Barbara Apartment Association, Inc. ("SBAA") is an organization of individuals and companies who are rental-housing owners.  (*See* Complaint, ¶¶ 3, 8.)  Plaintiff SBAA operates solely in the rental-housing industry.  (*See* Complaint, ¶ 8.)  Plaintiff Nogora, LLC operates as a landlord within the rental-housing industry. (Complaint, ¶ 3.)

### C.      Plaintiff Nogora, LLC's Eviction Proceedings

In April 2021, Nogora, LLC served as a landlord to a unit that was subject to the Relocation Assistance Ordinance.  (Complaint, ¶¶ 3, 9.)  Nogora, LLC determined that substantial repairs were required in a unit's plumbing and sewer line system such that the tenants could not remain in their unit.  (Complaint, ¶ 9.)  As a result of the tenant's no-fault eviction from their unit, Nogora, LLC was

required to pay a relocation payment pursuant to the Relocation Assistance Ordinance.  (Complaint, ¶ 9.)

### D.    Plaintiffs' Allegations

Plaintiffs allege that the Relocation Assistance Ordinance undermines their reasonable expectations and rewrites their existing leases.  (Complaint, ¶ 29.) Plaintiffs further allege that the Relocation Assistance Ordinance serves purely private interests and not a public purpose.  (Complaint, ¶¶ 29, 30.)  Plaintiffs contend that the Relocation Assistance Ordinance requires a property owner to convey all or a significant part of a leasehold estate without compensation to the departing tenant.  (Complaint, ¶ 40.)  Plaintiffs do not explain why they allege a relocation assistance payment equates to conveying a property interest.  Without a factual basis, Plaintiffs conclude that the Relocation Assistance Ordinance has interfered with investment-backed expectations.  (*See* Complaint, ¶ 41.)  Plaintiffs have disregarded their choice to conduct business in a highly regulated area.

Plaintiffs allege the Relocation Assistance Ordinance is both a per se taking and regulatory taking.  (Complaint, ¶¶ 38-40.)  Plaintiffs contend that there is an unconstitutional condition on the right to repossess property because the Relocation Assistance Ordinance links the right on the payment of relocation assistance to tenants during no-fault evictions.  (*See* Complaint, ¶ 47.)  Further, Plaintiffs characterize any impact on tenants as private and that there is no rough proportionality between the private impact and the required relocation payment. (Complaint, ¶ 50.)  Plaintiffs allege that there is no "essential nexus" between the Relocation Assistance Ordinance's required relocation payments and "any public impacts caused by the owner."  (Complaint, ¶ 47.)  Plaintiffs claim that the Relocation Assistance Ordinance interferes with their possessory interest in their money and real property, thereby unreasonably seizing property.  (Complaint, ¶¶ 59-60.)  Plaintiffs do not offer sufficient facts to establish how the alleged seizure took place.  In addition to the constitutional claims, Plaintiffs request a writ of

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

mandamus to strike down the Relocation Assistance Ordinance.  (*See* Complaint, ¶¶ 63-64.)

## III.   LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Court must view all allegations in a complaint in the light most favorable to Plaintiffs, then decide if Plaintiffs have alleged sufficient facts to state a plausible claim for relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).  Conclusory allegations are insufficient to defeat a motion to dismiss.  *Id.* at 678.

## IV.   ARGUMENT

   **A.    Plaintiffs Fail to Allege a Viable Contract Clause Claim Because There Is No Substantial Impairment and the Relocation Assistance Ordinance Is Reasonable and Appropriate While Advancing a Significant and Legitimate Public Purpose**

Plaintiffs allege that the Relocation Assistance Ordinance undermines their reasonable expectations and rewrites their existing leases.  (Complaint, ¶ 29.) Plaintiffs further allege that the Relocation Assistance Ordinance serves purely private interests and not a public purpose.  (Complaint, ¶¶ 29, 30.)  Plaintiffs' claim fails because the Relocation Assistance Ordinance has not substantially impaired the reasonable expectations of landlord-tenant contracting.  Further, the Relocation Assistance Ordinance reasonably and appropriately advances a significant and legitimate public purpose, as the Relocation Assistance Ordinance is part of

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

**Office of the City Attorney**
**City of Santa Barbara**
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

extensive regulation of the landlord-tenant relationship to protect Santa Barbara residents.

Courts narrowly construe the Contract Clause to ensure that "local governments can effectively exercise their police powers." *Southern Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2013). To determine whether a law affecting a pre-existing contract violates the Contract Clause, the courts follow a two-step analysis. *Sveen v. Melin*, 138 S. Ct. 1815, 1821 (2018). First, the Court addresses whether the law substantially impairs a contractual relationship. *Energy Reserves Grp., Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411 (1983). This depends on the extent to which the law undermines the contractual bargain, interferes with the parties' reasonable expectations, or prevents a party from safeguarding or reinstating its rights. *Sveen*, 138 S. Ct. at 1822. "When considering substantial impairment, [courts] focus on the importance of the term which is impaired, not the dollar amount." *Southern Cal. Gas Co.*, 336 F.3d at 892. The Court must also consider whether the parties were operating in a regulated industry. *Energy Reserves*, 459 U.S. at 411. "If the industry has been heavily regulated, then the impairment is less severe." *Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1098 (9th Cir. 2003). After finding substantial impairment, the Court next looks to the "means and ends of the legislation," *Sveen*, 138 S. Ct. at 1822, and whether there is a "significant and legitimate public purpose behind the regulation." *Energy Reserves*, 459 U.S. at 411. When the government is not a party to the contract, courts must "defer to legislative judgment as to the necessity and reasonableness of a particular measure." *Energy Reserves*, 459 U.S. at 413.

In a recent case construing a similar Ordinance, the Northern District Court of California granted the City of Oakland's motion to dismiss and found that Oakland's tenant relocation assistance law did not substantially impair the agreement between a landlord and tenant. *Ballinger v. City of Oakland*, 398

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

F.Supp.3d 560, 577 (N.D. Cal. 2019) (*Ballinger I*)[2].  Similarly to *Ballinger I* where the Court found that the relocation assistance law extended relocation payments mandated by the Ellis Act to no-fault evictions, here the City of Santa Barbara's Relocation Assistance Ordinance also extends relocation payments to no-fault evictions.  The Relocation Assistance Ordinance requires an owner who chooses to terminate a tenancy for a no-fault eviction (e.g., owner move-in, intent to demolish or to substantially remodel the unit) to compensate the tenant for an amount equal to three months of the rent that was in effect when the owner issued the notice to terminate the tenancy.  (Complaint, ¶¶ 18-19.)  The Relocation Assistance Ordinance "redistributes the costs so that tenants are not forced to bear the full financial brunt of being evicted."  *Ballinger I*, 398 F.Supp.3d at 577.  Both the State of California and municipalities within have regulated contracts between landlords and tenants as a means to further public interest.  Plaintiffs have chosen to engage in a heavily regulated industry: the rental-housing business.  (*See* Complaint, ¶ 8.) Property owners were put on notice regarding the possibility of relocation assistance payments when the State of California enacted the Tenant Protection Act of 2019, which authorized cities to enact more protective local regulations, which supersede state law.  *See* Cal. Civ. Code Sec. 1946.2.  Thus, a property owner in the same situation would have reasonably expected that the City has governing power over the rental-housing business operation.  *See Energy Reserves*, 459 U.S. at 411.; *see also Veix v. Sixth Ward Bldg. & Loan Ass'n of Newark*, 310 U.S. 32, 38 (1940) ("When he purchased into an enterprise already regulated in the particular to which he now objects, he purchased subject to further legislation upon the same topic.")

---

[2] *See also Ballinger v. City of Oakland*, 24 F.4th 1287, 1293 (9th Cir. 2022) (*Ballinger II*) (finding that Oakland's tenant relocation assistance law was not an unconstitutional physical taking but instead a regulation of the landlord-tenant relationship), *petition for cert. docketed*, No. 19-16550 (filed Feb. 28, 2022).

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

Even if the Court finds that the Relocation Assistance Ordinance substantially impairs Plaintiffs' contracts with tenants, the means and ends of the legislation is supported by a significant and legitimate public purpose.  When the government is not a party to the contract, courts must "defer to legislative judgment as to the necessity and reasonableness of a particular measure."  *Energy Reserves*, 459 U.S. at 413.  Here, the Relocation Assistance Ordinance serves as a means of mitigating the effects of no-fault evictions and a limitation of the displacement of Santa Barbara residents.  The heavily regulated rental-housing industry and the significant and legitimate public purpose served by the Relocation Assistance Ordinance supports finding the Relocation Assistance Ordinance constitutionally valid.  The Contract Clause cause of action is without merit and should be dismissed.

**B.**     **Plaintiffs Do Not Allege a Viable Takings Claim**

The Takings Clause of the Fifth Amendment prevents private property from being taken for public use without just compensation.  U.S. Const. amend. V. There are two types of cases under the Takings Clause:  physical takings and regulatory takings.  *See Murr v. Wisconsin*, 137 S.Ct. 1933, 1942 (2017); *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302, 321-22 (2002).  Plaintiffs allege the Relocation Assistance Ordinance is both a per se taking and regulatory taking.  (Complaint, ¶¶ 38-40.)

**1.**     **No Physical Taking Has Occurred**

When a regulation results in the physical appropriation of a property, a *per se* taking has occurred.  *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2072 (2021). The "essential question ... is whether the government has physically taken property for itself or someone else—by whatever means—or has instead restricted a property owner's ability to use his own property."  *Id.*  The Supreme Court has affirmed that states have broad power to regulate housing and the landlord-tenant relationship "without paying compensation for all economic injuries" stemming from the regulation.  *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 440

14

**Office of the City Attorney**
**City of Santa Barbara**
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

(1982).  A regulation's mandated transfer of wealth does not constitute a physical invasion.  *Yee v. City of Escondido*, 503 U.S. 519, 529-30 (1992); *see also Ballinger II*, 24 F.4th at 1293 (finding that a city's tenant relocation assistance law was not an unconstitutional physical taking but instead a regulation of the landlord-tenant relationship).  Therefore, regulation of the economic relationship between a landlord and tenant does not result in per se takings.  *FCC v. Fla. Power Corp.*, 480 U.S. 245, 252 (1987); *see also Better Housing for Long Beach v. Newsom*, 452 F.Supp.3d 921, 935 (C.D. Cal. 2020) ("The Just Compensation Clause – untethered from *Nollan* and *Dolan* – does not offer a coherent framework for assessing government-imposed monetary obligations"), *appeal docketed*, No. 20-55373 (filed Mar. 11, 2020).  There is no physical appropriation of property where an ordinance imposes a monetary obligation on the happening of a contingency, which is related to a real property interest, but does not "seize a sum of money from a specific fund."  *See Ballinger II*, 24 F.4th at 1294 (quoting *McCarthy v. City of Cleveland*, 626 F.3d 280, 284 (6th Cir. 2010)).

Plaintiffs cannot establish that the Relocation Assistance Ordinance is a physical taking because the Complaint lacks facts showing that the City has physically taken Plaintiffs' property or that there was a physical appropriation of Plaintiffs' property.  As pled, the Complaint merely shows how the Relocation Assistance Ordinance regulates a property owner's ability to use their property in a specified manner limited to the landlord-tenant relationship.  (*See* Complaint, ¶¶ 16-17.)  This context is inapposite from cases where a governmental taking has taken place.  The Relocation Assistance Ordinance does not create an obligation to pay money from a specific fund.  *See Ballinger II*, 24 F.4th at 1294.  The Relocation Assistance Ordinance does not demand or specifically identify a payment of money in exchange for granting a benefit to a parcel of land.  *Cf. Koontz v. St. Johns River Water Management Dist.*, 570 U.S. 595, 615, 619 (2013) (finding that conditioning approval of a land use permit on a property owner's funding of specified projects on

15

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

1   public lands constituted a governmental taking).  Therefore, Plaintiffs have failed to

2   allege a physical taking.

### 2.   No Regulatory Taking Has Occurred

3

4   A regulatory taking occurs when there is an interference with property rights

5   arising from a public program adjusting the benefits and burdens of economic life to

6   promote the public interest.  *Penn Central Transp. Co. v. City of New York*, 438

7   U.S. 104, 124 (1978).  A regulatory taking may be either categorical, where "no

8   productive or economically beneficial use of land is permitted," or non-categorical,

9   which is "[a]nything less than a complete elimination of value, or a total loss."

10  *Tahoe–Sierra Preservation Council Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S.

11  302, 330-31 (2002).  In a non-categorical taking, the government regulates the use

12  of property and compensation to the owner is required only if the purpose of the

13  regulation, or the extent to which the regulation deprives the property owner of

14  economic use of the property, suggests that the regulation unfairly subjects the

15  property owner to bear a burden that should be borne by the general public.  *Yee*,

16  503 U.S. at 523.  The Court must consider the three *Penn Central* factors:  (1) the

17  economic impact of the regulation on the claimant; (2) the extent to which the

18  regulation has interfered with investment-backed expectations; and (3) the character

19  of the governmental taking.  *Penn Central*, 438 U.S. at 124.  The Supreme Court

20  and the Ninth Circuit have consistently held that rent control provisions and other

21  restrictions on landlord-tenant relationships are not regulatory takings.  *See Colony*

22  *Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018), *cert.*

23  *denied*, 139 S. Ct. 917 (2019); *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d

24  1118, 1127 (9th Cir. 2013); *Yee*, 503 U.S. 519; *Pennell v. City of San Jose*, 485 U.S.

25  1 (1988); *Block v. Hirsh*, 256 U.S. 135 (1921).

26  Here, there is no regulatory taking because the Relocation Assistance

27  Ordinance regulates property use within the landlord-tenant relationship and the

28  Complaint only offers conclusory allegations as to the determinative *Penn Central*

16

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

factors.  First, the Complaint lacks sufficient facts to show that the relocation assistance payments to tenants significantly impacted Plaintiffs' personal finances or their rental-housing business.  Merely alleging that one landlord had to make a payment does not meet the requisite pleading standard.  (*See* Complaint, ¶ 9.) Second, the landlord-tenant relationship is a highly regulated area and there are similar laws and regulations imposing financial burdens on property owners. Plaintiffs allege that the Relocation Assistance Ordinance requires a property owner to convey all or a significant part of a leasehold estate, without compensation, to the departing tenant.  (Complaint, ¶ 40.)  Yet, Plaintiffs do not explain their bold contention that a relocation assistance payment equates to conveying a property interest.  Plaintiffs only offer conclusory allegations that the Relocation Assistance Ordinance has interfered with investment-backed expectations while disregarding their choice to conduct business in a highly regulated area.  (*See* Complaint, ¶ 41.) Lastly, the Complaint fails to state a deprivation of the economic use of the property since there is no impairment on the ownership of the property nor is there an allegation of decreased market value of the property as a result of the Relocation Assistance Ordinance.  Instead, the Relocation Assistance Ordinance serves a public purpose and limits its impact similarly to rent control provisions, whose legality has been supported by the courts.

Thus, Plaintiffs do not have a viable Takings claim and the Court should dismiss the claim.

### C. Plaintiffs' Unconstitutional Conditions Doctrine Cause of Action Necessarily Fails Because No Taking Has Occurred

Plaintiffs contend that there is an unconstitutional condition on the right to repossess property because the Relocation Assistance Ordinance links the right on the payment of relocation assistance to tenants during no-fault evictions.  (*See* Complaint, ¶ 47.)  Plaintiffs allege that there is no "essential nexus" between the Relocation Assistance Ordinance's required relocation payments and "any public

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

impacts caused by the owner." (Complaint, ¶ 47.) Further, Plaintiffs characterize any impact on tenants as private and that there is no rough proportionality between the private impact and the required relocation payment. (Complaint, ¶ 50.) Plaintiffs' unconstitutional conditions doctrine claim rises and falls with the Takings Clause claim. Because the Relocation Assistance Ordinance does not result in a taking, there cannot be a claim for exaction. Here, there is no government action conditioning the grant or regulating the grant of a government benefit. Plaintiffs' unconstitutional conditions doctrine claim fails.

The unconstitutional conditions doctrine of the Takings Clause permits the government to condition the use of property on agreeing to an exaction "so long as there is a 'nexus' and 'rough proportionality' between the property that the government demands and the social costs of the applicant's proposal." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 605–06 (2013) (quoting *Dolan v. City of Tigard*, 512 U.S. 374, 391 (1994), and *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 837 (1987)). To determine the constitutionality of an exaction, the Court must balance (1) the vulnerability of "land-use permit applicants" who may be coerced by government entities with "broad discretion" with (2) legitimate government interests in "landowners internaliz[ing] the negative externalities of their conduct." *Id.* at 604–05. The Supreme Court has declined to extend the scope of exaction claims beyond the administrative-conditions context. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 702 (1999). The Ninth Circuit has determined that the Supreme Court may allow any government action that conditionally grants a benefit to serve as the basis for an exaction claim. *See Ballinger II*, 24 F.4th at 1299-1300; *see also Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2072 (2021). "Whatever the government action is, it must condition the grant of a benefit on an unconstitutional taking." *Ballinger II*, 24 F.4th at 1299.

The Ninth Circuit recently upheld the City of Oakland's tenant relocation assistance law and found that because no taking nor unconstitutional exaction had

18

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

taken place, there could be no unconstitutional condition. *Ballinger II*, 24 F.4th at 1299-1300. There, the law did not conditionally grant or regulate the grant of a government benefit. *Ibid.* Here, Plaintiffs have failed to allege that the Relocation Assistance Ordinance conditionally grants or regulates a government benefit, such as a permit. Instead, Plaintiffs allege that what is being conditioned is repossession of property, which is not a government benefit. (*See* Complaint, ¶ 47.) As in *Ballinger II* where the relocation assistance payment required by a city law was found to not be a compensable taking, Santa Barbara's Relocation Assistance Ordinance is neither a physical nor regulatory taking. *Id.* at 1300. Thus, the Complaint has failed to allege an exaction and the Court need not determine the nexus or rough proportionality of the Relocation Assistance Ordinance.

For these reasons, Plaintiffs' unconstitutional conditions doctrine claim must be dismissed.

### D. Plaintiffs Fail to Allege a Viable Unlawful Seizure Claim Because There Has Been No Seizure of Plaintiffs' Property

Plaintiffs allege that the Relocation Assistance Ordinance interferes with their possessory interest in their money and real property, thereby unreasonably seizing property. (Complaint, ¶¶ 59-60.) Plaintiffs have failed to allege sufficient facts establishing that the City has seized either their money or real property. Thus, the unlawful seizure claim fails.

To state a seizure claim under the Fourth Amendment in the civil context, Plaintiffs must allege they were deprived of rights, privileges, or immunities as protected by the Constitution and laws. 42 U.S.C. § 1983. A claim regarding the deprivation of Fourth Amendment rights must be accompanied by an allegation of a seizure caused by state action. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984). A private person's actions can be considered state action where there is a "sufficiently close nexus" that makes the private action "treat[able] as that of the [government entity] itself." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (citation

19

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

omitted).  It is not enough to show authorization, approval, or acquiescence to private action.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52–53 (1999).  A private action pursuant to a statute, without more, is not enough to characterize the person as a "state actor."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).

*Ballinger II* is instructive for Plaintiffs' unlawful seizure claim, as well. There, the Ninth Circuit determined that the City of Oakland had not participated in a monetary exchange between the landlord and tenants when the City enacted the tenant relocation assistance law.  *Ballinger II*, 24 F.4th at 1300.  Oakland did not exercise coercive power over the tenants, nor did the city provide either overt or covert encouragement such that the tenants' choice should be deemed that of Oakland.  *Ibid.*  There was no joint activity between Oakland and the tenants.  *Ibid.* Oakland did not actively encourage, endorse, or participate in any wrongful interference by the tenants with regards to the landlord's money.  *Ibid.*  The Court held that enacting the tenant relocation assistance law was a "subtle encouragement…no more significant than that which inheres in [a government entity]'s creation or modification of any legal remedy."  *Id.* at 1301 (quoting *Sullivan*, 526 U.S. at 53).  The Court cautioned against eviscerating the "essential dichotomy between public and private acts."  *Ibid.*

The Complaint lacks any facts to show the City has seized Plaintiffs' money or real property.  The Complaint does not state that the City is receiving money or property as a result of the Relocation Assistance Ordinance.  There is no allegation of joint activity between the tenants and the City.  The Relocation Assistance Ordinance does not meaningfully interfere with Plaintiffs' possession of their property.  Rather, the Relocation Assistance Ordinance creates a legal remedy for tenants to avail themselves should they face no-fault evictions.

Because there is no cognizable allegation of a seizure caused by the City's action, the unlawful seizure claim should be dismissed.

**E.    Plaintiffs' Request for a Writ of Mandamus Is Improper Because It Is a Procedural Mechanism Reserved for State Courts**

Plaintiffs have improperly requested a writ of mandamus to strike down the Relocation Assistance Ordinance.  (*See* Complaint, ¶¶ 63-64.)

Courts have held that Section 1085 does not apply to federal courts.  *Theis v. Yuba Cnty. Sheriff's Dep't*, No. 2:18-cv-03278-KJM-KJN, 2019 WL 3006261, at *7 (E.D. Cal. July 10, 2019); *see San Francisco Apartment Ass'n v. City & Cty. of San Francisco*, 142 F. Supp. 3d 910, 917 n.2 (N.D. Cal. 2015), *aff'd*, 881 F.3d 1169 (9th Cir. 2018) ("§ 1085 is a 'procedural mechanism,' not a substantive claim … [and] it does not apply in federal court"); *Pacific Bell Tel. Co. v. City of Walnut Creek*, 428 F. Supp. 2d 1037, 1055 n.6 (N.D. Cal. 2006) (explaining a "claim for a writ of mandate is a state law claim" regardless of whether "the asserted bases for issuance of such writ are the City's alleged violations of both federal and state law"); *Hill v. Cnty. of Sacramento*, 466 Fed. Appx. 577, 579 (9th Cir. 2012) ("The district court also correctly rejected Hill's claim for a writ of mandate under Cal. Civ. Proc. Code § 1085 to compel the defendants to comply with federal regulations … Cal. Civ. Proc. Code § 1085 authorizes only state courts to issue writs of mandate"); *Mory v. City of Chula Vista*, No. 10-cv-252 JLS WVG, 2011 WL 777914, at *3 (S.D. Cal. Mar. 1, 2011) ("The mere presence of a federal element entwined with Plaintiff's writ of mandate claims" does not establish federal jurisdiction).  Therefore, the Court should dismiss the Section 1085 request for writ.

///

///

///

///

///

///

///

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990

## V.   CONCLUSION

For the foregoing reasons, Defendant City of Santa Barbara respectfully asks the Court to grant its motion to dismiss Plaintiffs' Complaint.

DATED:  April 22, 2022                    ARIEL PIERRE CALONNE, City Attorney


                                         By _____/s/ Michelle Sosa-Acosta_____
                                            Michelle Sosa-Acosta
                                            Deputy City Attorney
                                            Attorneys for City of Santa Barbara

Office of the City Attorney
City of Santa Barbara
740 State Street, Suite 201 P.O. Box 1990
Santa Barbara, California 93102-1990