# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-1315-GW-MAAx | Date | July 8, 2022 |
|---|---|---|---|
| Title | *The Santa Barbara Apartment Association, Inc. v. City of Santa Barbara, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

PROCEEDINGS:     **IN CHAMBERS - FURTHER THOUGHTS FOLLOWING SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTION TO DISMISS [22]**

Attached hereto is the Court's Further Thoughts Following Supplemental Briefing on Defendants' Motion [22], set for hearing on July 11, 2022 at 8:30 a.m.

:

Initials of Preparer     JG

**_The Santa Barbara Apartment Ass'n, Inc., et al. v. City of Santa Barbara_**, Case No. CV 22-cv-01315 GW (MAAx); Further Thoughts Following Supplemental Briefing

The Court issued a tentative ruling on a motion to dismiss filed in this case on June 3, 2022, *see* Docket No. 28, and then, on June 6, 2022, held oral argument on that motion.  At the close of oral argument, the Court continued the motion to today's date and set a schedule for supplemental briefing.  *See* Docket No. 29.  The parties have now filed supplemental briefs, which the Court has reviewed.  *See* Docket Nos. 30-31.

Plaintiffs[1] take the position that *Ballinger II*'s comments on the "benefit" requirement for an unconstitutional conditions claim is non-binding *dicta*.  Plaintiffs argue that there is no case – including *Ballinger II*, under Plaintiffs' *dicta* argument – holding "that the unconstitutional conditions doctrine applies ***only*** where the government conditions a benefit."  Docket No. 30, at 7:17-20.

Plaintiffs assert that if the "benefit" *requirement* reading of *Ballinger II* was the law, "it would mean that a condition on a constitutional ***right*** would be less suspect – and subject to lesser scrutiny – than a condition on a government ***benefit***."  *Id.* at 7:23-25.  They argue the Supreme Court rejected such a view in *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), reading that decision as reflecting an analysis that "it was the Commission's conditioning of the underlying *right* (the right to build), not the permit benefit, that triggered application of the unconstitutional conditions doctrine."  Docket No. 30, at 8:14-16 (citing *Nollan*, 483 U.S. at 833 n.2).  Another form of right is involved here, according to Plaintiffs – "an owner's right to evict and repossess," *id.* at 8:17-18 – meaning that "the fact that the ordinance [involved here] may not condition a land-use permit, license, or similar 'benefit' is legally irrelevant."  *Id.* at 8:23-25.

Whether or not *Ballinger II*'s discussion constituted *dicta*, the Court has reviewed the line of Supreme Court (and Ninth Circuit) case law outlining the unconstitutional conditions doctrine (at least in the takings context).  *Nollan* involved a permit.  *See* 483 U.S. at 828.  So too did *Dolan v. City of Tigard*, 512 U.S. 374, 379 (1994).  The same was true in *McClung v. City of Sumner*, 548 F.3d 1219, 1222 (9th Cir. 2008).  Likewise, *Koontz v. St. Johns River Water Management District*, 570 U.S. 595, 599 (2013).  Those cases – and others subsequent to *Nollan* – have also

---

[1] The Court uses the same short-hand references herein as were employed in the tentative ruling issued on June 3, 2022.

certainly read *Nollan* as involving, or falling within the doctrine that involves, a benefit.  *See Dolan*, 512 U.S. at 385 (discussing *Nollan* and then commenting that "[u]nder the well-settled doctrine of 'unconstitutional conditions,' the government may not require a person to give up a constitutional right – here the right to receive just compensation when property is taken for a public use – *in exchange for a discretionary benefit conferred by the government* where the benefit sought has little or no relationship to the property") (emphasis added); *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 702 (1999) ("[W]e have not extended the rough-proportionality test of *Dolan* beyond the special context of exactions – land-use decisions *conditioning approval of development* on the dedication of property to public use.") (emphasis added); *Koontz*, 570 U.S. at 599 ("In [*Nollan* and *Dolan*], we held that a unit of government may not condition the approval of a land-use permit on the owner's relinquishment of a portion of his property . . . ."); *id.* at 604; *id.* at 606 ("[W]e have recognized that regardless of whether the government ultimately succeeds in pressuring someone into forfeiting a constitutional right, the unconstitutional conditions doctrine forbids burdening the Constitution's enumerated rights by coercively withholding benefits from those who exercise them."); *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S.Ct. 1365, 1377 n.4 (2018) ("Even assuming a patent is a 'benefit' for purposes of the unconstitutional-conditions doctrine, that doctrine does not apply here."); *Cedar Point Nursery v. Hassid*, 141 S.Ct. 2063, 2079 (2021) ("[T]he government may require property owners to cede a right of access as a condition of receiving certain benefits without causing a taking."); *McClung*, 548 F.3d at 1226 ("In comparison to *Penn Central*, '[b]oth *Nollan* and *Dolan* involved Fifth Amendment takings challenges to adjudicative land-use exactions – specifically, government demands that a landowner dedicate an easement allowing public access to her property as a condition of obtaining a development permit.'") (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 546 (2005)).

All that being said, the Court does find somewhat curious the Supreme Court's statement in a footnote in *Nollan* – and discussed in Plaintiffs' supplemental brief – that "the right to build on one's own property – even though its exercise can be subjected to legitimate permitting requirements – cannot remotely be described as a 'governmental benefit.'"  483 U.S. at 833 n.2. As best as this Court can attempt to understand the reason for the *Nollan* majority to make that point in that case (which unquestionably involved a condition on a permit, *i.e.* a benefit) is that the Supreme Court was particularly responding to the dissent's reliance on *Ruckelshaus v. Monsanto*

*Co.*, 467 U.S. 986 (1984), and attempting to distinguish that case.  *See also Horne v. Dep't of Agric.*, 576 U.S. 350, 366 (2015) (understanding *Nollan* as distinguishing *Monsanto*).  If the Supreme Court had intended *Nollan* to stand for the broader proposition that the unconstitutional conditions/exaction doctrine could apply where only a right was involved, not a benefit, *Nollan* itself did not present those facts and, if it had, one would expect the Supreme Court to have been much more direct in establishing such a rule (and certainly to have done so elsewhere than in a footnote).

Defendants do not directly address Plaintiffs' *Ballinger II-dicta* argument.  As Defendants point out in their own supplemental brief, however, notwithstanding Plaintiffs' colorable *dicta* argument, the Ninth Circuit itself considers *Ballinger II* to be binding on this point.  *See Better Housing for Long Beach v. Newsom*, No. 20-55373, 2022 WL 2287436, *1 (9th Cir. June 24, 2022) (noting that Ninth Circuit rejected unconstitutional conditions/exaction argument in *Ballinger II*, "conclud[ing] that the relocation payment provision there was not an unconstitutional exaction because the ordinance did not conditionally grant, or regulate the grant of, a government benefit," and that the court was "bound by *Ballinger* [*II*]").[2]

Thus, while the Court does not find Plaintiffs' arguments entirely unpersuasive, at this point in time their argument is foreclosed (or, at the very least, it is being presented to the wrong court).  That, combined with the fact that even if they were correct that no decision has *held* that the unconstitutional conditions/exaction doctrine *requires* a government benefit, the Court's review of the case law (as set forth above) demonstrates a benefits context in each of the primary takings-based cases, and Plaintiffs themselves have not cited to the Court any case involving the unconstitutional conditions/exaction doctrine – and certainly not in the context of a takings-based theory – where such a benefit has *not* been involved.  *See Koontz*, 570 U.S. at 608 ("Virtually all of our unconstitutional conditions cases involve a gratuitous governmental benefit of some kind.").  As a result, the Court will confirm its tentative ruling as to Plaintiffs' third claim for relief, and will dismiss it without leave to amend.

In their supplemental brief, Plaintiffs also seek leave to amend their fifth claim for relief in order to transition it into a federal claim for declaratory relief rather than a claim seeking a procedural remedy under a California statute.  They also seek leave to amend their second claim

---

[2] The Court cites the *Better Housing* decision not for any precedential purpose, *see* 9th Cir. R. 36-3(a)-(b), but simply to demonstrate the Ninth Circuit's own understanding of the impact/binding nature and scope of *Ballinger II*.

to clarify that *both* Plaintiffs advance that claim, not just plaintiff Nogora.  The Court sees no reason to deny Plaintiffs either of these requested forms of amendment (though, as Defendants request in their supplemental brief, the Court will not allow Plaintiff to amend or advance – at least in this forum – any claim under California Code of Civil Procedure § 1085).

4